UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN BLAKE,

                    Plaintiff,

    -v-

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                    Defendant.

No. 14-cv-7042 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Allen Blake brings this action against Defendant Prudential Insurance Company of America for breach of contract, fraud, negligent misrepresentation, and equitable estoppel arising from Defendant's alleged failure to pay Plaintiff $10,000 in life insurance proceeds following the death of Plaintiff's ex-wife.  Now before the Court is Defendant's motion for judgment on the pleadings with respect to Plaintiff's First Amended Complaint (Doc. No. 16 ("Amended Complaint" or "FAC")) pursuant to Federal Rule of Civil Procedure 12(c).  (Doc. No. 30.)  For the reasons set forth below, the Court grants Defendant's motion.

I. BACKGROUND[1]

    From 2005 through November 2009, while employed by the New York City Department of Correction, Plaintiff also served as a board member of the City's Correction Officers Benevolent Association ("COBA").  As such, Plaintiff was a covered employee under COBA's group life

---

[1] The facts are drawn from the Amended Complaint, which the Court accepts as true for the purpose of Defendant's motion, *see L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011), except to the extent the allegations contained therein are contradicted by documents "incorporated by reference" into the Amended Complaint and "items of which judicial notice may be taken."  *Daniels ex rel. Daniels v. Comm'r of Soc. Sec.*, 456 F. App'x 40, 41 (2d Cir. 2012); *see also Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011).  In addition, the Court has also considered Defendant's opening brief in support of its motion (Doc. No. 31 ("Mem.")), Plaintiff's opposition brief as amended (Doc. No. 45 ("Opp'n")), Defendant's reply as amended (Doc. No. 46 ("Reply")), and the accompanying declarations (Doc. Nos. 31-1, 43, 43-1).

insurance policy, which provided "Qualified Dependent" benefits for a covered employee's spouse. (Doc. No. 43-1, Ex. 1 ("Policy") at 3, 6.)  Under the Policy, an employee was entitled to a $10,000 death benefit if his spouse, who was his Qualified Dependent, died.  (*See id.* at 3.)  In addition, pursuant to the Policy, a Qualified Dependent's coverage "end[ed] when that person cease[d] to be a Qualified Dependent."  (*Id.* at 28.)  In other words, a person was no longer covered by the Policy when she ceased to be the covered employee's spouse or domestic partner.

In 2008, Plaintiff filed for divorce against his then-wife, Pearl Blake, in New York State Supreme Court, which entered a judgment of divorce on June 23, 2009.  (*See* FAC ¶¶ 9–10; Doc. No. 43-1, Ex. 2 (Judgment of Divorce in *Blake v. Blake*, No. 305616/08 ((N.Y. Sup. Ct.), dated June 23, 2009).)  On September 29, 2009, Ms. Blake died.  On October 23, 2009, Plaintiff submitted a claim to Defendant in which Plaintiff represented that he was Ms. Blake's "husband" and thus sought $10,000 in insurance proceeds under the policy.  (*See* FAC ¶¶ 22–23.)  On November 17, 2009, Plaintiff's claim was approved, and he received $10,000 from Defendant. *United States v. Blake*, No. 10-cr-349 (RPP), 2011 WL 3463030, at *1 (S.D.N.Y. Aug. 5, 2011). Shortly thereafter, when Plaintiff's fellow board members learned about his misrepresentation, they demanded that he resign and return the $10,000 to Defendant, which he did on November 25, 2009.  *Id.*  Nevertheless, on April 20, 2010, a grand jury in the Southern District of New York returned an indictment charging Plaintiff with mail fraud in connection with his submitting "a false claim to an insurance company for a life insurance benefit to which [Plaintiff] was not entitled." *United States v. Blake*, No. 10-cr-349 (RPP), Doc. No. 14 (Indictment).  Following a three-day trial, a jury convicted Plaintiff on one count of mail fraud on June 15, 2010 (*id.* Doc. No. 46 at 2), which the Second Circuit affirmed on March 17, 2014, finding that "Blake chose intentionally to deceive Prudential by submitting knowingly false information to obtain insurance proceeds rather

2

than employing legal channels to challenge the anticipated denial," *United States v. Blake*, 558 F. App'x 129, 130 (2d Cir. 2014), *cert. denied*, *Blake v. United States*, 135 S.Ct. 286 (2014).

On July 29, 2014, Plaintiff commenced this action in New York state court, and on August 29, 2014, Defendant removed the case to this District based on the parties' diversity of citizenship. (*See* Doc. No. 1.)  On October 29, 2014, Plaintiff filed the Amended Complaint, alleging claims for breach of contract, fraud, negligent misrepresentation, and equitable estoppel in connection with his claims under the Policy.  (Doc. No. 16.)  On March 2, 2014, Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that Plaintiff's claims are time-barred, fail to state a claim on which relief can be granted, and are also barred pursuant to principles of collateral estoppel in light of the prior criminal action.  (Doc. No. 31.)  Defendant's motion was fully briefed as of July 8, 2015.  (*See* Doc. Nos. 42–46.)

## II.  Legal Standard

"[J]udgment on the pleadings [under Federal Rule of Civil Procedure 12(c)] is appropriate . . . where, after drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that no material issues of fact need to be resolved and that the moving party is entitled to judgment as a matter of law."  *Patel v. Baluchi's Indian Rest.*, No. 08-cv-9985 (RJS), 2009 WL 2358620, at *2 (S.D.N.Y. July 30, 2009) (citing *Price v. N.Y. State Bd. of Elections*, 540 F.3d 101, 107 (2d Cir. 2008)).  To survive a Rule 12(c) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550

U.S. at 555).  If a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

In deciding a Rule 12(c) motion for judgment on the pleadings, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the non-moving party, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011); *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009).  However, to the extent that the allegations therein are contradicted by facts of which the Court may take judicial notice, such as the findings of a prior court or documents integral to the complaint, "[d]istrict courts possess the inherent power to pierce the veil of a complaint to determine if it is without factual basis."  *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 600 n.7 (S.D.N.Y. 2013).  Accordingly, on this motion, the Court considers judicial records from the related criminal matter involving Plaintiff, *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424–25 (2d Cir. 2008), as well as the Policy, which is a document "incorporated by reference" into and "integral to" the Amended Complaint, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); (*see also* FAC ¶¶ 8, 11–17).

III.  DISCUSSION

A.  Breach-of-Contract Claim

1.  Statute of Limitations

Plaintiff argues that, pursuant to New York Insurance Law and the Policy, he was entitled to convert his ex-wife's Qualified Dependent insurance coverage into an individual policy on *her* life within ninety days following their divorce.  He further contends that, since Ms. Blake died within that purported ninety-day conversion period, Defendant owes him the $10,000 death benefit, notwithstanding his prior conviction for mail fraud in connection with the same policy.  (Am. Compl. ¶¶ 1, 11–15.)  Defendant opposes Plaintiff's breach-of-contract claim on a number of grounds, including that it is time-barred.  (Mem. at 4–5.)  The Court agrees.

4

Under New York law, although an action for breach of contract is generally subject to a six-year statute of limitations pursuant to New York Civil Practice and Rules ("C.P.L.R.") § 213, parties to a contract may nevertheless agree on a shorter limitations period pursuant to C.P.L.R. § 201.  *See, e.g.*, *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546, 548 (S.D.N.Y. 2008).  In this case, the Policy clearly establishes a three-year limitations period for actions to recover on an insurance claim.  (*See* Policy at 27.)  This three-year period begins to run at the end of the 90-day period following the loss underlying the insurance claim. (*See id.*)  Here, the relevant loss triggering Plaintiff's insurance claim was the death of his ex-wife, which occurred on September 29, 2009.  Therefore, pursuant to the Policy's three-year limitations period, Plaintiff was required to file an action to recover on any claim he may have had stemming from his wife's death before December 29, 2012.  Because Plaintiff did not commence this action until July 29, 2014, it is clearly time-barred.  (*See* Doc. No. 1); *see also Clement v. Farmington Cas. Co.*, No. 13-cv-1026 (NSR), 2015 WL 6971565, at *6 (S.D.N.Y. Nov. 10, 2015) (dismissing breach of contract and related fraud and other claims as untimely based on shorter limitations period established by "the operative insurance contract" pursuant to C.P.L.R. § 201).[2]

## 2. Failure to State a Claim

Even assuming that Plaintiff's breach-of-contract claim is timely – and it is not – the Court finds that it must also be dismissed for failure to state a plausible claim upon which relief may be granted, since Plaintiff entirely misreads the relevant provisions of New York Insurance Law cited

---

[2] The Court rejects Plaintiff's arguments for equitable tolling of the statute of limitations, which is "only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations and quotation marks omitted)).  Plaintiff's arguments for equitable tolling are premised entirely on his allegation that Defendant "deliberately" withheld notice of *his* right "to convert his group coverage into an individual policy of coverage." (FAC ¶¶ 8, 11, 22.)  Because, as the Court concludes in the next section, Plaintiff was not entitled to a conversion right, the Court also finds that Defendant's "failure" to notify him of a non-existent right cannot serve as the basis for equitable tolling.

in the Amended Complaint.  Specifically, the Court rejects Plaintiff's argument that he is entitled to conversion rights pursuant to N.Y. Ins. L. § 3220(a)(6)(A)(i).  (Opp'n 1, 6.)  That section provides a conversion right to an employee whose coverage "ceases because of termination of (i) employment or of membership in the class or classes eligible for coverage under the policy."  N.Y. Ins. L. § 3220(a)(6)(A)(i).  However, Plaintiff's divorce from Ms. Blake did not cause *Plaintiff's* coverage to cease under the Policy; rather, it caused *Ms. Blake's* coverage to cease under the Policy, since she was no longer a Qualified Dependent.  (Policy at 28.)  Therefore, the Court concludes that the conversion right provision under § 3220(a)(6)(A)(i), on which Plaintiff's breach of contract and tort claims are premised, is wholly inapplicable.

However, another provision of the New York Insurance Law *does* expressly address conversion rights in the event of divorce or annulment.  That provision – N.Y. Ins. L. § 3220(a)(7)(D) – states that "upon the divorce . . . of the employee," "[t]he conversion privilege shall be available . . . to the *spouse* or *former spouse* of such employee . . . ."  (emphasis added).  In other words, Section 3220(a)(7)(D) states that someone like Ms. Blake – who had her life insured under a group policy as a result of her marriage to Plaintiff – should be given the option upon divorce to continue covering her own life by converting the group policy's coverage into an individual policy.[3]  Significantly, the section says nothing about allowing her ex-husband, an employee still covered under the Policy, the right to obtain an additional individual policy on *her* life.  Not surprisingly, Plaintiff's insurance policy parallels the language in Section 3220(a)(7)(D).

---

[3] Furthermore, the Court's conclusion that § 3220(a)(7)(D) provides conversion rights following divorce or annulment *only* to the dependent former spouse is consistent with guidance from the New York State Department of Financial Services (NYDFS), the agency tasked with enforcing and interpreting New York Insurance Law.  N.Y. Ins. L. § 301(c); *see* N.Y. Dept. of Fin. Servs, *Group Term Life Insurance Outline* 21–22 (July 11, 2012), http://www.dfs.ny.gov/insurance/life/product/trrgptot_120711.doc (providing that "upon divorce or annulment of marriage of employee" conversion is available "*to the spouse or former spouse* of the employee" (emphasis added)).  Because, under New York law, an agency's "interpretation of a statute it is charged with enforcing is entitled to deference," its construction should be upheld "if not irrational or unreasonable."  *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 79 (2008).

6

(*See* Policy at 16.)   Therefore, to the extent Plaintiff's divorce from his ex-wife triggered a conversion privilege, that privilege belonged to, and was exercisable only by, Plaintiff's *ex-wife*.

Since Plaintiff's divorce did not give Plaintiff a right to convert his ex-wife's coverage into an individual policy to benefit himself, and since there is no suggestion that Ms. Blake ever elected to convert the Policy for her ex-husband's benefit, the Court finds that Defendant was not obligated to notify Plaintiff of this non-existent conversion right under N.Y. Ins. L. § 3220(a)(8) and certainly was not obligated to pay Plaintiff any death benefits based on this flawed conversion theory.   Thus, the Court also dismisses Plaintiff's claim for breach of contract for failure to state a claim.

### B.  Remaining Claims

The Court also agrees with Defendant that Plaintiff has failed to state a claim for fraud, negligent misrepresentation, and equitable estoppel.  All three of these claims require Plaintiff to show that Defendant made material misrepresentations or omissions in the face of a duty to disclose true facts, as well as his own detrimental reliance on the misrepresentations or omissions. *See Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007) (fraud); *Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (negligent misrepresentation); *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 301 (2d Cir. 1996) (equitable estoppel).  However, Plaintiff's claims are premised entirely on the twin propositions that Defendant misled him and concealed material facts from him regarding his alleged conversion right under the Policy and New York Insurance Law, and that Plaintiff is, in fact, entitled to his wife's death benefit.  (FAC ¶¶ 4–7, 32, 34, 39–42.)  Because, as the Court has already concluded, Plaintiff did not have such a conversion right, it follows, *a fortiori*, that Defendant made no material misrepresentations or omissions in this regard.  Furthermore, since Plaintiff is not entitled to any benefits under the Policy, it also necessarily follows that any reliance on statements made

by Defendant was not to his detriment.  Thus, the Court dismisses Plaintiff's claims for fraud, negligent misrepresentation, and estoppel for failure to state a claim.[4]

IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings is GRANTED, and thus, this case is DISMISSED in its entirety.  The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 30 and to close this case.

SO ORDERED.

Dated:       March 31, 2016
             New York, New York


RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/16

---

[4] Because the Court finds that the Amended Complaint should be dismissed for failure to state a claim, it need not reach Defendant's arguments regarding collateral estoppel.